IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JANA MORRISON, | : |
| | : |
| Plaintiff, | : |
| vs. | : |
| | : |
| GS DEVELOPMENT, LLC; GS DEVELOPMENT - MINI WAREHOUSES, LLC; GS DEVELOPMENT - TIFT AVENUE, LLC; GS DEVELOPMENT - VIRGINIA COMMONS, LLC; GS DEVELOPMENT - TIFT AVENUE RETAIL LEASING, LLC; GS HOSPITALITY - COURTYARD BRUNSWICK, LLC; GS HOSPITALITY - PANAMA CITY RESTAURANT, LLC; GS HOSPITALITY, LLC; GERALD L. SAPP individually and in his official capacity, as owner and officer of the Defendant Entities; and OASIS OUTSOURCING HOLDINGS, INC., d/b/a OASIS OUTSOURCING, INC. and OASIS STAFFING, INC. | : : : : : : : : : : : : : : : : : CIVIL ACTION FILE NO.: _____ |
| Defendants. | : |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiff Jana Morrison, by and through her undersigned counsel, and brings this action against GS Development, LLC, GS Development - Mini Warehouses, LLC, GS Development - Tift Avenue, LLC; GS Development - Virginia Commons, LLC; GS Development - Tift Avenue Retail Leasing, LLC; GS Hospitality - Courtyard Brunswick, LLC; GS Hospitality - Panama City Restaurant, LLC; GS Hospitality, LLC; Gerald L. Sapp, individually and as owner and officer of the foregoing defendants; and Oasis Outsourcing Holdings, Inc. d/b/a Oasis Outsourcing, Inc. and Oasis Staffing, Inc. (hereinafter, collectively the "Defendants"), and in support thereof shows this Court the following:

## INTRODUCTION

1. The instant action arises from Defendants' violations of the Fair Labor Standards Acts, 29 U.S.C. §201, et. seq., as amended (hereinafter "FLSA"), through their failure to pay the Plaintiff earned overtime wages. The Plaintiff is permitted to assert such claims under 29 U.S.C. §216(b).

2. Plaintiff Jana Morrison worked for the Defendants from on or about August 20, 2007 to November 3, 2010.

3. During her employment by the Defendants, Plaintiff was deprived of FLSA-mandated time-and-a-half pay for hours worked over 40 hours in a workweek.

4. As a result of Defendants violations of the FLSA, Plaintiff is entitled to compensatory and liquidated damages, attorneys' fees, costs, and all other relief available at law and equity.

## JURISDICTION

5. This is an action for unpaid wages, damages, and other relief under the FLSA.

6. Plaintiff's claims arise out of violations of the cited federal statute and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §§ 206, 207.

7. Defendant Oasis Outsourcing Holdings, Inc., d/b/a Oasis Outsourcing, Inc. and Oasis Staffing, Inc., is subject to the jurisdiction of this Court in that the actions constituting the violations of the FLSA occurred in Tift County, Georgia, said defendant is a joint tortfeasor, and said defendant regularly conducts business in Tift County, Georgia. Said defendant can be served with summons and process through its registered agent CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

8. The remaining defendants are subject to the jurisdiction of this Court in that the

actions constituting the violations of the FLSA occurred in Tift County, Georgia, said defendants are residents of Tift County, Georgia, and said defendants regularly conduct business in Tift County, Georgia. Said defendants can be served with summons and process through their registered agent, Gerald L. Sapp, 192 S. Virginia Avenue, Post Office Box 348, Tifton, Georgia 31794.

## VENUE

9. Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendants' place of business is located in Tifton, Tift County, Georgia, which is located within the Middle District of Georgia, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. The unpaid overtime wages sought in this action were earned in this District.

## PARTIES

10. Plaintiff is a citizen and resident of Tifton, Tift County, Georgia. From her hire on August 20, 2007, until her termination from employment on or about November 3, 2010, Plaintiff was an "employee" of the Defendants, as that term is defined by 29 U.S.C. § 203(e), was regularly engaged in work activities that involved interstate commerce, and was not exempt from the overtime requirement provisions of the FLSA.

11. Defendant Gerald L. Sapp is a citizen and resident of Tifton, Tift County, Georgia.

12. Defendant GS Development, LLC is a limited liability company organized under the laws of the State of Georgia. Its principal place of business is located at 1805 North Tift Avenue, Suite E, Post Office Box 348, Tifton, Georgia 31794, and it regularly operates and conducts business in Tift County, Georgia.

13. Upon information and belief, Gerald L. Sapp is, and at all times during Plaintiff's employment was, the CEO/President of GS Development, LLC.

14. At all times relevant hereto, GS Development, LLC was an "employer" as that term is defined by 29 U.S.C. § 203 (d).

15. Defendant GS Development - Mini Warehouses, LLC is a limited liability company organized under the laws of the State of Georgia. Its principal place of business is located at 192 S. Virginia Avenue, Post Office Box 348, Tifton, Georgia 31794, and it regularly operates and conducts business in Tift County, Georgia.

16. Upon information and belief, Gerald L. Sapp is, and at all times during Plaintiff's employment was, the CEO/President of GS Development - Mini Warehouses, LLC.

17. At all times relevant hereto, GS Development - Mini Warehouses, LLC was an "employer" as that term is defined by 29 U.S.C. § 203 (d).

18. Defendant GS Development - Tift Avenue, LLC is a limited liability company organized under the laws of the State of Georgia. Its principal place of business is located at 192 S. Virginia Avenue, Post Office Box 348, Tifton, Georgia 31794, and it regularly operates and conducts business in Tift County, Georgia.

19. Upon information and belief, Gerald L. Sapp is, and at all times during Plaintiff's employment was, the CEO/President of GS Development - Tift Avenue, LLC .

20. At all times relevant hereto, GS Development - Tift Avenue, LLC was an "employer" as that term is defined by 29 U.S.C. § 203 (d).

21. Defendant GS Development - Virginia Commons, LLC is a limited liability company organized under the laws of the State of Georgia. Its principal place of business is located at 192 S. Virginia Avenue, Post Office Box 348, Tifton, Georgia 31794, and it regularly operates and conducts business in Tift County, Georgia.

22. Upon information and belief, Gerald L. Sapp is, and at all times during Plaintiff's employment was, the CEO/President of GS Development - Virginia Commons, LLC.

23. At all times relevant hereto, GS Development - Virginia Commons, LLC was an "employer" as that term is defined by 29 U.S.C. § 203 (d).

24. Defendant GS Development - Tift Avenue Retail Leasing, LLC is a limited liability company organized under the laws of the State of Georgia. Its principal place of business is located at 192 S. Virginia Avenue, Post Office Box 348, Tifton, Georgia 31794, and it regularly operates and conducts business in Tift County, Georgia.

25. Upon information and belief, Gerald L. Sapp is, and at all times during Plaintiff's employment was, the CEO/President of GS Development - Tift Avenue Retail Leasing, LLC.

26. At all times relevant hereto, GS Development - Tift Avenue Retail Leasing, LLC was an "employer" as that term is defined by 29 U.S.C. § 203 (d).

27. Defendant GS Hospitality - Courtyard Brunswick, LLC is a limited liability company organized under the laws of the State of Georgia. Its principal place of business is located at 192 S. Virginia Avenue, Post Office Box 348, Tifton, Georgia 31794, and it regularly operates and conducts business in Tift County, Georgia.

28. Upon information and belief, Gerald L. Sapp is, and at all times during Plaintiff's employment was, the CEO/President of GS Hospitality - Courtyard Brunswick, LLC.

29. At all times relevant hereto, GS Hospitality - Courtyard Brunswick, LLC was an "employer" as that term is defined by 29 U.S.C. § 203 (d).

30. Defendant GS Hospitality - Panama City Restaurant, LLC is a limited liability company organized under the laws of the State of Georgia. Its principal place of business is located

at 192 S. Virginia Avenue, Post Office Box 348, Tifton, Georgia 31794, and it regularly operates and conducts business in Tift County, Georgia.

31.     Upon information and belief, Gerald L. Sapp is, and at all times during Plaintiff's employment was, the CEO/President of GS Hospitality - Panama City Restaurant, LLC .

32.     At all times relevant hereto, GS Hospitality - Panama City Restaurant, LLC was an "employer" as that term is defined by 29 U.S.C. § 203 (d).

33.     Defendants are all part of the family of entities now doing business under the central entity, GS Development, LLC.  CEO and President, Gerald L. Sapp, serves as the senior executive for all of the named Defendant corporate entities.

34.     Defendant Oasis Outsourcing Holdings, Inc. d/b/a Oasis Outsourcing, Inc. and Oasis Staffing, Inc. is a Florida corporation organized under the laws of the State of Georgia.  Its principal office is located at 2054 Vista Parkway, Suite 300, West Palm Beach, Florida, and it regularly operates and conducts business in Tift County, Georgia.

35.     On information and belief, at all times material to this action, Defendants were enterprises engaged in interstate commerce or in the production of goods for interstate commerce under the FLSA, had annual gross sales exceeding $500,000, and were employers as defined by 29 U.S.C. § 203 (d).

36.     From August 20, 2007 to November 3, 2010, Plaintiff was "employed" by the Defendants within meaning of the FLSA, 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

37.     On information and belief, until recently Sapp was responsible for establishing the policy behind the human resources functions for all of the named Defendant corporate entities.  On

or about May of 2009, GS Development, LLC, contracted with Oasis Outsourcing, a professional employer organization, for the purpose of record keeping and ensuring compliance with federal, state, and local laws related to employment matters.

38. On information and belief, GS Development, LLC serves as the central company for the named family of entities, and exercises control over its other entities through centralized management, human resources, and payroll.

39. Defendants' failure to comply with the FLSA was willful, deliberate, and intentional as Defendants knew or recklessly disregarded the fact that its conduct violated the FLSA.

40. Defendants knew or should have known that Plaintiff was entitled to compensation for time actually worked and for time and one-half overtime pay under the FLSA, during all relevant times.

41. Defendants had a policy of not allowing compensation for employees who worked in excess of 40 hours within a work week.

42. Defendants intentionally did not provide, until on or about August 23, 2010, a time clock or other time keeping mechanism for Plaintiff and their other employees to maintain adequate time records.

43. Defendants directed Plaintiff and its other employees to report eight hours of work per day regardless of the actual number of hours worked. As a result, the Defendants' time records, to the extent they exist, fail to document all of the Plaintiff's compensable time.

44. Defendants have made affirmative misstatements to Plaintiff and its other employees that they were exempt from the overtime requirements of the FLSA.

45. At all times of her employment, Plaintiff was mis-classified by Defendants as a

salaried employee, exempt from the overtime requirements of the FLSA.

46. On a regular basis between the time of her hire on August 20, 2007 through the time of her termination, Plaintiff was required to work over forty hours per week and was not paid for the hours worked in excess of forty.

47. The Defendants improperly failed to compensate Plaintiff for all the time she was at work discharging her work-related duties.

48. Defendants failure to compensate the Plaintiff at one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in one week was a violation of the FLSA.

## COUNT I

49. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1 through 48, above.

50. Over a period of years, Defendants have willfully and unlawfully neglected to pay Plaintiff overtime compensation for hours worked over 40 per week as required by the FLSA.

51. As a result of Defendants willful, intentional, and unlawful failure to pay such overtime compensation, Plaintiff has suffered damages in the form of lost overtime compensation.

52. As a result of Defendants failure to pay, Plaintiff is entitled to recover compensation for those hours above 40 per work week between August 2007 through the termination of her employment at a rate of one and one-half times her regular hourly rate, liquidated damages, pre-judgment interest, attorneys' fees, costs, and any other relief available.

## COUNT II - RETALIATION IN VIOLATION OF FLSA

53. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1

through 52, above.

54. On or about September 27, 2010, Plaintiff's counsel sent notice to Defendants regarding Plaintiffs realized claims pursuant to FLSA.

55. On or about November 1, 2010, Plaintiff filed her Charge of Discrimination, against Defendants, with the Equal Employment Opportunity Commission (hereinafter, "EEOC") asserting a violation of the constitutional rights afforded her, pursuant to Title VII of the Civil Rights Act of 1964.

56. Upon receiving notice of Plaintiff's filed EEOC charges, on or about November 3, 2010, Marilyn Sapp, wife of Defendant Gerald Sapp, verbally assaulted and threatened Plaintiff while in the workplace. As a result of the attack, Plaintiff was constructively discharged, effective November 3, 2010.

57. On or about November 5, 2010, Defendants maliciously and intentionally caused false criminal charges to be initiated against Plaintiff by accusing her of gaining unauthorized access to a computer database and deleting information without Defendants' knowledge or permission.

58. There is a causal link between Plaintiff's protected activities under the FLSA and Title VII of the Civil Rights Act and the adverse employment actions taken against her, including the attack by Mrs. Sapp and Defendants' initiation of bogus criminal charges against Plaintiff.

59. While the retaliation occasioned by Title VII is not ripe for adjudication, the retaliation based upon the assertion of her FLSA rights is ripe and was a motivating factor in the retaliation against Plaintiff.

60. Defendants have intentionally discriminated against Plaintiff because she has engaged in activity protected by the FLSA.

61. Plaintiff engaged in statutorily protected activity and the actions of defendants are in violation of the anti-retaliation provisions of 29 U.S.C. § 215(a)(3).

WHEREFORE, Plaintiff demands judgment against the Defendants for payment of overtime compensation at a rate of one and one-half the regular rate of pay applicable, an equal amount of liquidated damages, pre-judgment interest, compensatory damages, damages for mental anguish and emotional distress, punitive damages, reasonable attorneys fees, costs incurred in this action, and any and all other further relief available at law or in equity.

Plaintiff further demands a trial by jury on all issues so triable.

### CONSENT TO JOIN AS PARTY PLAINTIFF

Pursuant to 29 U.S.C. §216 (b), I, Jana Morrison, consent to becoming a party plaintiff to this action.

This 25th day of March, 2011.

*/s/ Jana Morrison*
JANA MORRISON

Respectfully submitted this 25th day of March, 2011.

WATSON SPENCE LLP

Attorneys for Plaintiff

BY: /s/ Louis E. Hatcher
Louis E. Hatcher
Georgia State Bar No.: 337342
/s/ Alfreda L. Sheppard
Alfreda L. Sheppard
Georgia State Bar No.: 525106
Post Office Box 2008
Albany, Georgia 31702-2008
229-436-1545 Telephone
229-436-6358 Facsimile
Lhatcher@watsonspence.com

## VERIFICATION

I, Jana Morrison, *sui juris*, Plaintiff in the above entitled action, hereby verify and declare under penalty of perjury that the allegations of fact set forth in the foregoing *Complaint and Demand for Jury Trial* are true and correct, according to the best of my current information, knowledge, and belief.

This 25th day of March, 2011.

*/s/ Jana Morrison*
JANA MORRISON

Sworn to and subscribed before me,
this 25th day of March, 2011.

*/s/ Leanna McDonald*
Notary Public
My Commission Expires: Oct. 24, 2011

(NOTARY SEAL)

LEANNA MCDONALD
NOTARY PUBLIC
WORTH COUNTY, GEORGIA
MY COMMISSION EXPIRES OCTOBER 24, 2011

11